Lien Holder Trailers by Premier
BHR LLC
PO BOX 5117 South Fulton, TN 38257
PH: 844-292-3330
Email: info@bluehouserentals.co
Web: www.trailerpayments.com

Snyder's - Brookhaven
1376 Union street extension
Brookhaven
MS
39601
Contract ID: 62557

## RENTAL-PURCHASE AGREEMENT AND DISCLOSURE STATEMENT

This Rental Purchase Agreement ("Agreement") is made and entered into on __09/22/2023__ by and between BHR Management (or its successors or assigns), having its principal place of business at in Union City Henry County Tennessee, hereinafter referred to as "Lessor" and

Consumer(s) Name(s): Jarves Shelby

Street Address: 1460 Marwood Rd          City: Byram     County: Hinds          State: MS   Zip: 39272
Phone Number(s): (769) 253-6049                              hereinafter referred to as "Consumer".

For and in consideration of the mutual covenants and agreements contained herein, the adequacy of which is hereby acknowledged by each party, Lessor hereby leases to Consumer and Consumer hereby leases from Lessor that certain utility trailer hereinafter referred to as the 'Leased Trailer' and further described in paragraph 1(a) below.

### DISCLOSURES

The following information is hereby disclosed to Consumer and is to be considered a part of the terms and conditions of this Agreement.

1. (a) Description of Leased Trailer:/ VIN#: Just Trailers, LLC 7NRBF1826PF013147
   (b) The Leased Trailer is: New [x] or Used [ ] .                              Width: 6    Length: 18
   (c) Cash Price of the Leased Trailer (if purchased):  = $ 3,822.00 , plus applicable sales tax.
   (d) Initial Payment: (Payment required at the commencement of this Agreement) The initial payment is: Lease Payment $ 170.40 + Non-Refundable Security Deposit $ 1.00 + Processing Fee $ 20.00 + Down Payment $ 0.00 + Down Payment Tax $ 0.00 = Total: $ 191.40
   (e) Lease Payments: Lease payments are due on a monthly basis. Payments will be due on the 22 day of each month after the Initial Payment is paid. The total monthly lease payment is $ 159.25 + 7.00% sales tax (Subject to change) $ 11.15 = $ 170.40 Any monthly lease payment received by Lessor ten (10) calendar days after the date payment is due will be late and Consumer agrees to pay a late fee/ reinstatement fee of up to $25.00 per each monthly lease payment that is paid late. Consumer may make monthly lease payments in advance. Such additional payments or over-payments will apply towards future lease payments.
   (f) Term: The initial term of this Agreement is for four (4) months. Thereafter, Consumer may renew this Agreement for consecutive terms of one (1) month by making rental payments in advance for each month that Consumer desires to keep the Leased Trailer.
   (g) Cost to Acquire Ownership: If Consumer renews this Agreement by paying monthly lease payments for a total of 48 months (including Initial Payment), for payment of a total dollar amount of $ 8179.20 , and otherwise complies with this Agreement, Consumer will own the Leased Trailer. This total dollar amount does not include other charges such as late payment default, pick-up, re-delivery, or reinstatement fees. Consumer should read this contract for an explanation of these charges.
   (h) No Ownership During Lease Term THE LEASED TRAILER IS OWNED BY Trailers by Premier. CONSUMER WILL NOT OWN THE LEASED TRAILER UNTIL CONSUMER HAS MADE THE NUMBER OF PAYMENTS AND THE TOTAL OF PAYMENTS NECESSARY TO ACQUIRE OWNERSHIP OR CONSUMER EXERCISES THE EARLY PURCHASE OPTION.
   (i) Early Purchase Option: If the renter wishes to purchase the leased property, Renter may do so at any time after the first one (1) monthly payment by making the payment of any unpaid rental payments due plus 60 % of the remaining Total Cost calculated at the time plus sales tax and any other applicable fees. Renter must be current on all Agreement obligations to exercise the Early Purchase Option.
   (j) Other Charges: The total of monthly lease payments does not include other charges such as $15.00 late fees/reinstatement fees, $25.00 returned check fees, repossession or re-delivery fees, or any other fees associated with default. Consumer should read this Agreement for an explanation of these charges.
   (k) Maintenance: Consumer is responsible for maintaining and/or servicing the Leased Trailer while it is leased such that the Leased Trailer shall be in good working order and protected from damage beyond normal wear and tear.
   (l) Licenses: Consumer shall maintain all licenses and permits required to operate or use the Leased Trailer, including a motor vehicle license.
   (m) Insurance: Consumer shall obtain and maintain during the term of this Agreement, at Consumer's expense, insurance in an amount at least equal to the cash price of the Leased Trailer (shown in paragraph (c) above) which

IW - REV. # 38 2009                    Consumer Signature   [signature]      Co-Consumer                    Page 1 of 4

BHR Management

shall insure against loss, theft, damage or destruction of the   Leased Trailer. Consumer is not required to purchase said insurance from the Lessor or from any insurer owned or controlled by the Lessor.  The insurance must be in the Consumer's name, and Lessor must be shown as additional insured and loss payee. Consumer will be responsible for any loss that incurs because the Consumer failed to maintain the required insurance.   PROOF OF INSURANCE MUST BE PROVIDED TO LESSOR.

(n) Warranty: If allowed by the manufacturer, the manufacturer's express warranty covering the   Leased Trailer shall be transferred to Consumer if it exists at the time Consumer acquires ownership of the Leased Trailer.Payments are due on or before the due date to the contracts

(o) Use of Leased Trailer : Consumer agrees not to use or allow anyone else to use the Leased Trailer in a way that would violate the law or the terms of any policy of insurance or that causes cancellation or suspension of any applicable warranty. Consumer agrees not to remove the Leased Trailer from the contiguous   United States. In addition, Consumer agrees not to use or allow anyone else to use the Leased Trailer for more than   fifteen (15) days outside the state of Tennessee Consumer shall store the Leased Trailer, when not in use, at the Consumer's address found on page 1 of this Agreement. Consumer shall return the Leased Trailer to Consumer's address found on page 1 of this Agreement after use unless Consumer has received Lessor's written permission to store the Leased Trailer at one or more additionally approved locations. Consumer agrees that any injury, death, or damage that arises out of the use of the Leased Trailer will be the sole responsibility of the Consumer and anyone else who was using the Leased Trailer at the time of the incident. Lessor is not liable for any such injury, death, or damage.

(p) Damage to Leased Trailer: Consumer is responsible for the Leased Trailer if it is lost, stolen, damaged in excess of normal wear and tear , or destroyed. In such case,  Consumer's liability will not exceed the fair market   value of the Leased Trailer as of the time it is lost, stolen, damaged or destroyed.

(q) Registration, Motor Vehicle Violations, and Taxes: At all times Consumer must keep the Leased Trailer registered and titled. Until the Leased Trailer has been returned to Lessor, Consumer must pay any and all motor vehicle violation fines and penalties relating to the Leased Trailer. Consumer must pay personal property taxes, ad valorem, or similar taxes assessed on the Leased Trailer, whether Consumer is billed for such taxes by the appropriate governmental taxing authority.

(r) Termination:  Consumer may terminate this Agreement without penalty at the expiration of any monthly lease term by voluntarily surrendering or returning the Leased Trailer to Lessor, at Consumer's cost, in good repair, reasonable wear and tear excepted , along with any past due rental payments  and other charges as of the date of surrender or return.

(s) Reinstatement: A Consumer who fails to make a timely lease payment has the right to reinstate the original Agreement, without losing any rights or options previously acquired under the agreement, by paying all past due rental charges, the reasonable costs of pick -up, redelivery, any refurbishing, if any, and any applicable late fee within five (5) days of the renewal date. If  Consumer, at the request of Lessor or its agent,   returns the Leased Trailer to Lessor within five (5) days of the renewal date, then the reinstatement period shall be extended for an additional thirty (30) days from the date of return. In the event the Consumer has paid not less than sixty percent (60%) of the amount called for under the contract to obtain ownership, the reinstatement period shall be extended to a total of ninety (90) days after the date of the return of the property. In the event the Consumer has paid not less than eighty percent (80%) of the amount called for under the contract to obtain ownership, the reinstatement period shall be extended to a total of one hundred eighty (180) days after the date of the return of the property.

2.  At the time of the execution of this Agreement,Consumer shall pay to Lessor a non-refundable security deposit in the amount of $ 1.00 _____ to be held by Lessor as security for the performance of all terms of this Agreement.

3.  Consumer agrees to pay $25.00 for any check or ACH transaction that is returned for nonpayment.

4.  Consumer agrees to use the Leased Trailer solely for the purpose for which it was leased, in a careful and proper manner and will comply with the laws, rules, ordinances, statutes, and other orders regarding the use, maintenance and storage of the Leased Trailer. Consumer shall be responsible for complying with and conforming to all laws and regulations with regards to the possession, use  and maintenance of the Leased Trailer.

5.  Consumer agrees that the Leased Trailer will only be operated by Consumer, who is familiar with the operation of such Leased Trailer. No person operating or using the Leased Trailer will be under the influence of any   substance, including alcohol or drugs.

6.  Consumer shall not alter the Leased Trailer in any way.   Consumer shall not permit the  Leased Trailer  to be tied to or otherwise affixed to any real property such that the Leased Trailer cannot be removed without damaging it and/or the real property. Consumer shall ensure access to the Leased Trailer by Lessor and shall  not prevent Lessor from lawfully removing  Leased Trailer in the event of default or termination.

BHR Management

7. Consumer may not assign any of Consumer's rights under this Agreement without the prior written consent of Lessor.

8. Lessor shall have the right to examine and inspect the Leased Trailer at all reasonable times. Lessor shall have the right to lawfully repossess the Leased Trailer in the event of non -payment and/or default under the terms of this Agreement. This Agreement constitutes written authorization for Lessor to lawfully enter upon Consumer's real property and take any reasonable means necessary to repossess the Leased Trailer, if repossession can be accomplished without breach of the peace. By signing this Agreement, Consumer also authorizes any person having an interest in the real property upon which the Leased Trailer is located, including but not limited to landlords, owners, and/or co-owners, the right to enter said property for the purpose of assisting Lessor in repossessing the Leased Trailer, if repossession can be accomplished without breach of the peace.

9. Notwithstanding anything contained in this Agreement to the contrary, the Lessor shall not be liable to Consumer or to any other person, entity, or corporation by reason of the loss of, damage to , or destruction of any property transported or stored upon the Leased Trailer, unless such loss, damage or destruction is due to the willful misconduct or gross negligence of the Lessor and/or its agent(s) or employee(s). In the event, and whether or not such loss, damage or destruction of any property transported or stored upon the Leased Trailer is due to the willful misconduct or gross negligence of the Lessor and/or its agent (s), employee(s), or otherwise, the liability of the Lessor shall not exceed the value of the Leased Trailer. In this regard, Consumer warrants and guarantees to the lessor that Consumer will not transport or store upon the Leased Trailer anything in excess of the said limit of liability and to do so will be at the sole peril of Consumer. Consumer waives, to the maximum extent permitted by law, any right of recovery against Lessor for damages caused by Lessor, its agents or assigns, to Consumer's real or personal property which may occur during the delivery or pick up of the Leased Trailer.

10. Consumer agrees to promptly remove all contents that may be transported or stored on the Leased Trailer at the termination of this Agreement, whether such termination is caused by Consumer's default, or by lapse of time. Lessor may elect that any contents not removed by Consumer at such termination are deemed abandoned by Consumer and same shall become the property of Lessor without any payment or offset thereof. If Lessor shall not so elect, the Lessor may remove such contents from the Leased Trailer and store same at Consumer's risk and expense.

11. In the event Lessor incurs costs and expenses in enforcing the terms of this Agreement due to nonpayment, breach, or other default by Consumer or by any agents, servants, or employees of Consumer, Lessor shall recover from Consumer and Consumer shall pay to Lessor, all of Lessor's costs and expenses resulting therefrom, including but not limited to court costs, reasonable attorney's fees, and other costs of collection. In the event Consumer defaults in complying with the terms of this Agreement and Lessor takes action to repossess the Leased Trailer, and Consumer then pays the amount in arrears after Lessor has incurred expenses to repossess same, Consumer shall pay Lessor, in addition to the payments in arrears, reasonable expenses, plus sales tax, if any, as reimbursement of repossession expenses.

12. The parties agree that Consumer has examined the Leased Trailer, knows the condition thereof, and has agreed to rent the Leased Trailer in an "as is" condition and that Lessor has made no representations, warranties, or promises of any kind or nature, either expressly or implied, as to the condition, quality, suitability, or fitness for a particular purpose of the Leased Trailer.

13. This Agreement is not to be construed as a security interest in the Leased Trailer described in paragraph 1(a). Lessor is the lawful owner of the Leased Trailer until Consumer fully and faithfully completes all obligations of this Agreement.

14. To the fullest extent permitted by law, Consumer agrees that this Agreement shall be construed as an executory contract as defined by the United States Bankruptcy Code and Rules, as amended from time to time.

15. This Agreement is the parties' entire Agreement and may not be changed except in writing signed by both parties.

16. If any provision of this Agreement is invalid, illegal, or incapable of being enforced by reason of any rule of law, public policy or otherwise any remaining provisions of this Agreement shall nevertheless remain in full force and effect.

17. Consumer agrees that Lessor may contact Consumer by telephone at any telephone numbers associated with Consumer's account, including wireless telephone numbers, which could result in charges to Consumer, in order for Lessor to service Consumer's account or to collect any amounts Consumer may owe. Lessor may also contact Consumer via text message or e-mail using any address Consumer provides to Lessor. Methods of contact may include using pre - recorded/artificial voice messages and/or the use of an automatic dialing device.

18. In the event Consumer is in default of this Agreement, Consumer agrees that Lessor may gather, verify , and assimilate information, both public and nonpublic , concerning Consumer, for the purpose of collecting any outstanding balance on Consumer's account with Lessor. Lessor may use any type of credit reporting agency, tracing service provider, social media, cell phone, land line telephone, text or email, and automated telephone calling in connection with Lessor's effort to collect upon Consumer's outstanding obligation under this Agreement.

19. The parties specifically consent and agree that any claims arising out of or relating to this Rental Purchase Agreement must be brought by Consumer in an individual capacity and not as a plaintiff or class member in any class or representative action.

20. Consumer and Lessor agree that all claims against Lessor must be brought exclusively in Henry County, Tennessee, the site of the home office of the Lessor. Consumer expressly waives any right to bring suit against Lessor in any other venue.

21. AGREEMENT TO SUBMIT TO BINDING ARBITRATION If any claim or controversy arising out of or related to this Rental Purchase Agreement occurs, the parties will attempt to resolve the claim or controversy through friendly

BHR Management

consultation, directly or through counsel. If the claim or controversy is not resolved within a reasonable period, either party may bring suit against the other in a civil court unless any matter(s) have a demand for damages in excess $20,000.00, in which case the parties agree to waive their right to a jury trial and agree to submit the claims to binding arbitration as governed by the Federal Arbitration Act, and pursuant to the rules established by the Judicial Arbitration and Mediation Services, Inc. (JAMS), or any other mutually agreed arbitration association.  The parties agree that the arbitration will be held in Henry County, Tennessee before a single arbitrator mutually agreed upon by the parties. The parties will share equally in the cost of arbitration. I UNDERSTAND THAT BY VOLUNTARILY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND THE LESSOR GIVE UP OUR RIGHTS TO A TRIAL BY JURY.

22. By executing this Agreement, Consumer acknowledges and agrees that:

    (a)    Consumer has read and understands this Agreement;

    (b)    Consumer has been given a signed and legible copy with all blanks filled in;

    (c)    Consumer has received the Leased Trailer in good condition;

    (d)    Consumer will remit monthly lease payments to Lessor's assigns should Lessor exercise its right to assign this Agreement to a third party.

IN WITNESS WHEREOF, the parties have hereunto affixed their signatures on 09/22/2023

LESSOR:
BHR Management

By:

NOTICE TO THE CONSUMER: *DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE AGREEMENT YOU SIGN.*

CONSUMER:
Name: Jarves Shelby
S.S.N.
Driver's License No.:
Issue Date:
Address: 1460 Marwood Rd
City/State/Zip: Byram, MS, 39272
Email Address: .
Home Phone No.: (769) 253-6049
Cell Phone No.: (769) 253-6049
Employer Name: Jarves Shelby
Employer Phone No.: (769) 253-6049

CO-CONSUMER:
Name:
S.S.N.:
Driver's License No.:
Issue Date: _____ Exp. Date: _____
Address:
City/State/Zip:
Email Address:
Home Phone No.:
Cell Phone No.:
Employer Name:
Employer Phone No.:

REQUIRED REFERENCES

Name: Hadia Shelby
Address: Brookhaven
City/State/Zip: Brookhaven, MS, 39601
Phone No.: (662) 672-3136

Name: Felicia woodberry
Address: Brookhaven
City/State/Zip: Brookhaven, MS, 39601
Phone No.: (662) 590-6797

Legal owner/landlord of the real property where the Leased Trailer is to be located:

Name(s): _____
Address: _____
City/State/Zip: _____

Home Phone No.: _____
Business Phone No.: _____
Email Address: _____

I hereby affirm that all statements made herein are true, factual and complete to the best of my knowledge and are made for the purpose of this Agreement. By execution of my signature below, I agree to be bound by the terms and conditions of this Agreement. I ACKNOWLEDGE I HAVE RECEIVED A LEGIBLE COPY OF THIS AGREEMENT AND DISCLOSURES.
The parties have agreed to conduct this transaction by electronic means and have affixed their electronic signatures as of the date set forth.

_____
Consumer Signature

_____
Additional Consumer Signature



**BHR MANAGEMENT**

**P.O. BOX 5117 SOUTH FULTON TN 38257**

**844-292-3330**

## RENTAL AGREEMENT ASSIGNMENT:

Lessor sells and assigns to TWIN CITY RENTALS, LLC, its successors and assigns, all rights, title, and interest in the Rental Purchase Agreement and Disclosure Statement. Lessor gives assignee full power, either in its own name or in the Lessor's name, to take all legal and other actions which the Lessor could have taken under this Agreement.

BHR MANAGEMENT (Lessor) BY: _Lee Ann Parker_

Name: Lee Ann Parker          Title: Chief Financial Officer (CFO)

BHR Management, LLC

Lessor (Stamp) _____

**ASSIGNS**

TWIN CITY RENTALS, LLC (Stamp) _Twin City Rentals, LLC_